ANDREW P. BENJAMIN *vs.* COTTON WEBSTER.

Franklin, 1875.—March 1, 1876.

*Limitation of actions.*

A partial payment within six years, upon a sum due on account for the sale of a single article of property, takes the balance of the claim out of the statute of limitations.

ON EXCEPTIONS.

ASSUMPSIT for one sawing machine and fixtures sold and delivered to the defendant, February 18, 1867, at an agreed price of $67.00, on which the plaintiff paid $20.00 down, and on August 19, 1867, $15.00, all of which appeared by the plaintiff's deposition, the defendant offering no evidence. The writ was dated August 13, 1873. The presiding justice ruled as matter of law, that the statute of limitations did not bar a recovery, and ordered judgment for the plaintiff, for $33.00, and interest from the date of the writ. The defendant excepted.

*H. L. Whitcomb*, for the defendant.

*H. E. Dyer*, for the plaintiff.

PETERS, J. The plaintiff sold to the defendant a sawing machine and fixtures, receiving part payment down. This was more than six years before the suit. Another partial payment was made within six years. The action is for the balance unpaid. The defense is the statute of limitations. The defendant contends that "mutual dealings," referred to in R. S., c. 81, § 84, "means something more than the sale of a single article at one time with part payment at the time, and a further payment made afterwards." We do not concur in this view. Dealings may be as essentially mutual between parties, whether there may be one item or many items on each side. It is the nature, and not the extent, of the dealings, that gives them the character of mutuality. The accounts were regarded as mutual in the case of *Baker* v. *Mitchell*, 59 Maine, 223, where but a single item of credit was given. To the same effect is the case of *Penniman* v. *Rotch*, 3 Metc., 216. Nor does it make any difference that the credits given by the plaintiff were not independent items of charge against him, upon which he might be sued by the defendant. It is enough that the credits were purely payments upon the plaintiff's account. Where an item of credit is intended as a specific payment of only a particular charge in a plaintiff's account, in a case where there are several items, and not as a payment upon the account generally, such payment would not have the effect to take the whole account out of the operation of the statute. But a partial payment within six years towards an account generally, whether of one or more items, would have that effect; and, *a fortiori*, would the part payment of a particular item take that item out of the statute. It is to be admitted, that there are authorities opposed to this interpretation of the statute, but we think that the weight of authority, as well as the effect of our own cases, establishes the point that it makes no difference whether the credits are payments merely, or items of charge. See *Penniman* v. *Rotch*, *supra*. *Dyer* v. *Walker*, 51 Maine, 104, cited by defendant, was before the statute as it now reads, and does not support the defendant's position. See also *Hagar* v. *Springer*, 63 Maine, 506.

Moreover, we do not see why the plaintiff's case does not come within the exception contained in section 96 of the statute of limitations, where it is provided that, "nothing herein contained shall alter, take away, or lessen the effect of payment of any principal or interest made by any person." Under this clause of the statute, it should appear that the payment was made only as a part of a larger debt, as otherwise it would not be deemed as an admission of any more debt than it pays; and that it is a payment upon an ascertained or specific sum due, and not upon a mere claim of *quantum meruit.* But the contract, upon which the partial payment is made, need not necessarily be a written one, but may be an oral contract as well. Such payment is *prima facie* evidence of a promise by the debtor to pay the balance of the debt, and conclusive evidence of the same, unless the circumstances under which the payment is made, or some proofs in the case, show to the contrary. We think that, upon this ground, the action is maintainable, notwithstanding the plea of limitations.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.